ORIGINAL

Charles Ray Fisher, Pro Se
2530 Pecan Valley Dr.
Granbury, Texas 76048

X08-250-1540

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 07 2015

at 3 o'clock and 30min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

CV15 00257 HG BMK

| | |
|---|---|
| CHARLES RAY FISHER ) | COMPLAINT, EXHIBITS : 1,2,3,4,5,6,7,8,9,10 |
| ) | CERTIFICATE OF SERVICE ,11,12,13,14,15,16,17 |
| Vs. ) | |
| ) | |
| DUANE CHAPMAN, BETH CHAPMAN, ) | |
| ALAN DEUTCH, BEN SILVERMAN, ) | |
| CORIE HENSON, CHRIS GRANT, ) | |
| MATT TRIERWEILE, CMT PRESS, ) | |
| CBS CORPORATION, ) | |
| VIACOM INC, JOHN AND ) | |
| JANE DOES 1-10, ) | |
| JOHN AND JANE DOE ) | |
| CORPORATIONS 1-10 ) | |
| Defendants ) | |
| ------------------------------- | CASE#_____ |

COMPLAINT

Comes now, Charles Ray Fisher, the Plaintiff, pro se, and complains against the Defendants, Duane Chapman, Beth Chapman, Alan Deutsch, Ben Silverman, Corie Henson, Chris Grant, Matt Trierweile, CMT Press, CBS Corporation, Viacom Inc. as follows:

1. Charles Ray Fisher, "Chucky" is a natural person and at all times pertinent herein is a resident of the State of Texas but at the time of the filming of the episode "Paradise Lost" was a resident of Hawaii. The nationally televised episode wrongfully imputes the crime of felony theft from the un-named insurance company. The Plaintiff continues to suffer public ridicule and contempt in the State of Hawaii as well as Nationwide due to the media saturation on television and internet broadcast and has lost out on lucrative business opportunities in Hawaii and the rest of the United States due to the false and malicious statements made about him by the Defendants Dog and Beth Chapman, as repeatedly shown in the episode "Paradise Lost Season 1 Episode 10" on national television and numerous internet video sites.

Venue

2. Venue in the District of Hawaii is proper. 28 U.S.C. § 1391(a) provides:
(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

3. Plaintiff brings this complaint pursuant to the civil tort for slander and libel, the basis of which is a criminal act. 18-13-105. Criminal libel. (1) A person who shall knowingly publish or disseminate, either by written instrument, sign, pictures, or the like, any statement or object

tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue, or reputation or expose the natural defects of one who is alive, and thereby to expose him to public hatred, contempt, or ridicule, commits criminal libel.

## Parties

4. Charles Ray Fisher "Chucky", is a natural person and at all times pertinent herein is a resident of the State of Texas. "Chucky" has been a Bailbonds man for over 11 years and is the aggrieved party. Plaintiff has during all this time enjoyed a good reputation, both generally and in his occupation.

5. Duane "Dog" Chapman, Beth Chapman, Alan Deutsch, Ben Silverman, Corie Henson, Chris Grant, , Matt Trierweile are natural persons and at all times pertinent herein are producers with the television series, "Dog and Beth on the Hunt" and CMT . CMT, ABC and VIACOM are companies that have perpetuated the lies initiated by Dog and Beth Chapman.

## Jurisdiction

6. A federal court's exercise of in personal jurisdiction over a nonresident defendant turns on two considerations: 1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and 2) whether assertion of such jurisdiction accords with constitutional principles of due process. See Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir.1977). Hawaii's long-arm statute, Hawaii Revised Statutes § 634-35, "expand[s] the jurisdiction of the State's courts to the extent permitted by the due process clause of the Fourteenth Amendment." Cowan v. First Insurance Co. of Hawaii, Ltd., 61 Haw. 644, 649, 608

P.2d 394 (Haw.1980) (footnote omitted). Hawaii's statutory limitations upon jurisdiction are thus coextensive with the outer limits of due process under the state and federal constitutions. Id. The issue the Court must address is whether the requirements of due process are satisfied by the Court's exercise of personal jurisdiction over Defendants. See Panavision International, L.P. v. Toeppen, 141 F.3d 1316, 1320, (9th Cir.1998).

7. Personal jurisdiction should be found on either general jurisdiction or specific jurisdiction. Since a couple of the defendants are domiciled in the forum state or if his activities there are "substantial, continuous and systematic," a federal court can exercise "general" personal jurisdiction over the defendant under the state's long-arm statute. Id. at 1320 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). The Defendants have sufficient contacts with Hawaii to subject them to general jurisdiction in this state.

8. Considering many of the Defendants are nonresident contacts with the forum state do not qualify as "continuous and systematic," a federal court may still exercise "specific" jurisdiction over claims related to his activities or contacts there. Specific jurisdiction requires that: (1) the defendant have purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim have arisen or resulted from the defendant's forum-related activities, and (3) exercise of jurisdiction be reasonable. See id. at 1320.

9. The first two requirements have been met in order to satisfy the due process clause, the exercise of personal jurisdiction must be reasonable. See Panavision, 141 F.3d at 1322. For

jurisdiction to be reasonable, it must comport with "fair play and substantial justice." See Burger King, 471 U.S. at 476, 105 S.Ct. 2174. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487 (9th Cir.1993) (citing Burger King, 471 U.S. at 476-477, 105 S.Ct. 2174).

## Statement of Facts

10. Defendants did continually slander Plaintiff on national television on many occasions from July 07, 2013 up to this very day as the episode is available for viewing online at the CMT website with intent to destroy Plaintiff's credibility, consortium and to damage Plaintiff's reputation with his clients. This act constitutes a restraint of trade; damages are in both reputation and business. The segment that was used as a trailer features the Plaintiff, making the negative publicity taken completely out of context increased the damages by featuring this Plaintiff on a nationally syndicated television show with tens of millions of viewers.

11. The issue at hand is the continuous libel and defamation of character that continues to happen while the episode is still available to view on demand via the World Wide Web. Specifically, the video found on the CMT website from the show, "Dog and Beth on the Hunt", Season One, episode 10 "Paradise Lost" http://www.cmt.com/dog-and-beth-on-the-hunt/episode.jhtml?episodeID=212354#  See Exhibit 1. The episode is also available to view on many other websites. See Exhibit 15.

12. There are two descriptions of the show advertised on many websites on the Internet. See Exhibit 15. One synopsis says, "The Chapman's chance to relax at home is abruptly interrupted when they are called to shut down a corrupt Bondsman and hunt down his elusive prey." See Exhibit 16

13. In another synopsis of Paradise Lost; "While the Chapmans are home in Hawaii trying to enjoy a short break from the road, they are called to shut down a terribly corrupt bondsman and hunt down his outstanding fugitives. They confront this bondsman, take charge of his operation and put him on a plane out of paradise back to Texas -- with a warning never to return. See Exhibit 17.

14. The entire show was a stab in the back from people who pretended to be friends in an effort to boost ratings. This episode was advertised very heavily over the July 4th weekend showing Charles Ray Fisher "Chucky" to be corrupt. These acts eliminated any chance of returning to the industry I have known for 13 years because of the defaming, libelous, slanderous fictitious fabrication of reality T.V. carried out by the defendants that continues to be played on demand from the CMT website and other websites that have copies of the episode "Paradise Lost". See Exhibit 15

15. As a result of this malic and reckless regard for the truth by the Defendants, I have had to live with family at times. It has been difficult finding manual labor work due to health concerns and have lost everything I ever owned due to the defendants efforts of going out of their way to destroy my good name to prevent me from competing with them.

16. After returning to Texas I have dealt with the sickness I endured, the loss of everything I ever owned, this contributed to my failed marriage and I have had to resort to working in the oil fields doing manual labor to support my son whom I have custody of.

17. In the episode that is the crux of the issue, Beth Chapman made it appear she was loaning Chucky money to get home when Leland had bought the Big Island numbers the day before. The plaintiff had agreed to sell the Oahu phone lines for $20,000.00 to Dog and Beth Chapman, which only a $5,000.00 deposit was given to Plaintiff. The balance of $15,000.00 is still outstanding.

18. The Plaintiff will prove by means of exhibits attached to this complaint that the false and malicious statements by the Defendants were made knowingly and with malice and reckless regard for the truth. According to Nolo, malice is a "willful or intentional state of mind. The facts prove that the Defendants had the state of mind to manipulate digital media resources to portray false information in order to cast the image of a crooked bail bondsman who was working illegally with police on the inside in order to get bonds. These lies that were broadcast on national television have ruined the Plaintiffs livelihood.

19. This gross manipulation of the truth by defendants by their false statements is so widely understood to be harmful that they are presumed to be defamatory. In its ruling on Marcone v. Penthouse, The U.S. Court of Appeals wrote, "Eventually several exceptions were carved out of this general rule for slanders that were deemed to be so naturally injurious that actual injury was

presumed."

20. The Defendants aired an edited and manipulated a version of a situation and completely used it to demonize a well-respected and thriving bail bondsman in order to bolster the show's ratings during its first season.

21. The following series of events take a situation and manipulate it using digital editing software to imply that Charles Ray Fisher, AKA "Chucky", is a rouge bail bondsman and has gone "sideways and belly up".

22. Beth Chapman 3 seconds in to the trailer says "Chucky has written nearly 1 million dollars in bail in 60 days. Dog at 8 seconds in says, "And he didn't pay the insurance company a dime – nothing". These lies are proven to be lies when comparing this episode and the statements that "chucky" never paid a dime to the insurance company. There are 17 exhibits that correct the statements made by the Defendants showing that "Chucky" has in fact paid the insurance company. See Exhibits 1, 2-13 showing all the payments to the insurance company.

23. Beth, 20 seconds in says "trying to help Chucky clean up all these cases".

24. At 2 minutes and 11 seconds into the episode Dog takes a call indicating it was Chucky. (This conversation never happened) Dog asks, "What's wrong? Twenty thousand? It's collateral you owe somebody? I don't want to ask you where the collateral went. You know what I mean? Yeah, let's not talk about it on the phone. You meet me and we'll talk about it.

Alright Chuck. I'll call you when were gone from here." Again, this conversation never happened and these false statements were the beginning of the libel per se, defamation, infliction of emotional distress, and interference with contractual and business relations, and unjust enrichment on behalf of the Defendants.

25. At 3 minutes and 59 seconds into the episode Dog asks his office staff, "You remember the guy Chucky the bondsman? He wrote a bunch of bail and didn't pay his company, "so he allegedly had a connection in the jail where there was a guard he knows who was giving him bonds. He knew that was illegal to get them like that so he just kept all the money". See Exhibits 1, 2-13 showing all the payments to the insurance company.

26. Dog continues, "So the insurance company came last week and met with me and Beth. So were going to take his lines and people will call saying, 'Do you have my diamond ring? No, Chucky does. There will be some problems but we'll need the lines to be able to work his guys".

27. At 4:55 Chucky and his family walk in to the Defendants office. There were no releases signed for their appearance with CMT.

28. At 5:06, the Plaintiff is interviewed from a producer. Dog and Beth used this to overplay the problems and make Dog and Beth look like heroes. Chuck was actually very sick and needed to get his children back to Texas so he could undergo serious medical procedures and to make it seem that Dog and Beth were doing Chucky a favor rather than simply buying the phone lines.

29. At 6:08 Beth states "it's not uncommon that agents goes sideways or belly up", indicating that this is what happened to the Plaintiff.

30. There are no judgments, charges pending against the Plaintiff. The malicious statements by both Dog and Beth Chapman were stated on national television with zero facts to substantiate their lies.

31. The damages done to me by the defendant's malice and disregard for the truth has damaged and ruined my ability to support my family. I am seeking $30,000,000.00 (thirty million dollars) in damages. All facts will be proven at trial.

32. On information and belief, Defendants have conspired to misstate facts and conversations with Plaintiff and use that situation to bolster the ratings during their first season, thus negligently and recklessly causing damages of many kinds to Plaintiff, all for dishonest financial gain through unjust enrichment.

33. Due to the repeated slander, libel, and the malice evinced by the continuing pattern of actions in conspiracy with the Defendants, and due to their negligent, reckless, and tortious activities of harassment and intimidation, Plaintiff will seek punitive and exemplary damages in addition to direct damages. Their actions have caused overwhelming and substantial damage to Plaintiff in loss of clients, income, good will, reputation, physical and mental suffering. Family members relying upon Plaintiff for nurture and support have also suffered damage.

34. General Damages

"[T]he general rule in measuring damages is to give a 'sum of money to the person wronged which as nearly as possible, will restore [her] to the position [she] would be in if the wrong had not been committed.'" Nobriga v. Raybestos-Manhattan, Inc., 67 Haw. 157, 162, 683 P.2d 389, 393 (1984) (citation omitted).

35. As a proximate result of the above-described publication and slander, Plaintiff has suffered loss of his reputation, shame, mortification, and injury to his feelings, all to his damage in the total amount of $30,000,000.00 Therefore this action is brought in district court, a total amount to be established by proof at trial.

36. The Plaintiff, has sustained a great financial loss in the years 2013, 2014, and 2015, in the amount exceeding $30,000,000.00 and Plaintiff alleges that such losses are due to the slanderous activities of the Defendant. Plaintiff seeks general damages, which "are those damages which fairly and adequately compensate [Plaintiff] for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the injuries/damages sustained." Haw. Civil Jury Instr. No. 8.3; see also In re Haw. Fed. Asbestos Cases, 734 F. Supp. 1563, 1567 (D. Haw. 1990) ("General damages provide compensation for pain, suffering and emotional distress."); Dunbar v. Thompson, 79 Haw. 306, 315, 901 P.2d 1285, 1294 (Haw. App. 1995) ("General damages encompass all the damages which naturally and necessarily result from a legal wrong done. Such damages follow by implication of law upon proof of a wrong."

37. The Supreme Court of Hawai'I has held that the tort of intentional infliction of emotional distress "requires conduct exceeding all bounds usually tolerated by decent society and which is of a nature especially calculated to cause, and does cause, mental distress of a very serious kind." Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 106 (2003) (citing Tibke v. McDougall, 479 N.W.2d 898, 907 (S.D. 1992)).

## Count I

Libel per se

## Count II

Negligent and intentional infliction of emotional distress

## Count III

Interference with contractual and business relations,

## Count IV

Defamation of character.

## Count V

Unjust enrichment

Request for Relief:

1. Compensatory damages according to proof;

2. Punitive damages;

3. Exemplary damages;

4. Interest as allowed by law;

5. Costs of suit; and

6. Such other and further relief as this court may deem just and proper.

7. Removal of all copies of the episode "Dog and Beth On The Hunt, Paradise Lost, Season 1 Episode 10" from all on-line sources including any proxy servers or cached versions of the episode.

8. Thirty million dollars, $30,000,000.00

Demand for Jury Trial

38. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

39. Wherefore, the Plaintiff, Pro-Se prays for judgment against the Defendant as shall be awarded by a jury for the slanderous and vexatious attacks on the Plaintiff by the Defendants'.

Respectfully submitted, Tuesday, July 07, 2015

_Charles Ray Fisher_ (signature)

Charles Ray Fisher – Pro-Se

I, Charles "Chucky" Ray Fisher, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Honolulu, Hawaii.