IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES RAY FISHER,<br><br>Plaintiff,<br><br>vs.<br><br>DUANE CHAPMAN, ET. AL,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | CIV. NO. 15-00257 HG-BMK<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION

On July 7, 2015, Plaintiff Charles Ray Fisher, proceeding pro se, filed this action against Defendants Duane Chapman, Beth Chapman, Alan Deutch, Ben Silverman, Corie Henson, Chris Grant, Matt Trierweile, CMT Press, CBS Corporation, and Viacom Inc. As of this date, Plaintiff has not served Defendants or otherwise prosecuted this action.

Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 4(m), a plaintiff must serve the defendants within 120 days after filing the complaint, or within any additional period of time authorized by the court. See Norfleet v. Colvin, No. C13-5251 BHS, 2014 WL 527136, at *1 (W.D. Wash. Feb. 10, 2014).[1]

[1] The Court notes that, effective December 1, 2015, Rule 4(m) was amended to reduce the time for serving a defendant from 120 days to 90 days. See Fed. R. Civ. P. 4(m) (2015). At the time the instant action was filed, the 120-day time limit was in effect. Accordingly, the pre-amendment

FRCP Rule 4(l) requires proof of service to be filed or made to the Court. See id.

Plaintiff filed the Complaint on July 7, 2015. On December 3, 2015, the Court notified Plaintiff that failure to serve Defendants "may subject Plaintiff to sanctions, including dismissal of the case." The Court also referred Plaintiff to Rule 4 of the FRCP. More than 120 days have passed since the Complaint was filed. To date, Plaintiff has not served Defendants, nor has Plaintiff sought an extension of time to do so.

Additionally, on July 7, 2015, this Court issued an Order Setting Rule 16 Scheduling Conference, which set the Conference for October 5, 2015 at 9:30 a.m. before Judge Barry M. Kurren. This date was subsequently continued to January 29, 2016 at 9:30 a.m. As stated in the Order, parties (or counsel) are ordered to attend the Rule 16 Conference and shall file Scheduling Conference Statements pursuant to Local Rule 16.2(b). The Order also notes that "[f]ailure to file and/or attend will result in imposition of sanctions (including fines or dismissal)."

On January 29, 2016, the Court was prepared to hold the Rule 16 Scheduling Conference at 9:30 a.m. as scheduled; however, Plaintiff did not appear and did not make arrangements to participate in the Conference by phone. Further,

---

version of Rule 4(m) applies in this case. See Matta v. Gov. of Virginia Islands, Civ. No. 2011-0091, 2016 WL 122954 at *1 n.1 (D.V.I. Jan. 8, 2016)

Plaintiff failed to file a Scheduling Conference Statement by the deadline.

Accordingly, in light of Plaintiff's failure to serve Defendants, file a Scheduling Conference Statement, and attend the Scheduling Conference, the Court finds that Plaintiff has failed to prosecute this action. This Court therefore recommends that this action be dismissed.

Any Objection to these Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 29, 2016.




/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge